UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHY DORMINEY,　　　　　　　　　　　CIVIL ACTION NO:
an individual,

　　　　Plaintiff,
v.

COMMERCIAL RECOVERY SYSTEMS, INC.,
a Texas Corporation,

　　　　Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Kathy Dorminey, by and through the undersigned attorneys, sues Defendant Commercial Recovery Systems, Inc. ("CRS") and alleges as follows:

### PARTIES

1. Plaintiff Kathy Dorminey is a citizen of Florida and resides in Glen St. Mary, Baker County, Florida.

2. Defendant CRS is a Texas corporation with its principal place of business in Dallas, Texas, and is authorized and licensed to conduct the business of consumer debt collection in the State of Florida.

### JURISDICTION

3. At all times material hereto, Defendant CRS was engaged in the collection of consumer debts using telephonic communications, and other means, in the State of Florida,

including Baker County, Florida and was therefore a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

4. At all times material hereto, Plaintiff was a "consumer" as that term is defined under 15 U.S.C. §1692a(3).

5. This action arises, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*, and jurisdiction of this Court therefore arises under 15 U.S.C. §1692k and 28 U.S.C. § 1337. This Court has jurisdiction over the subject matter of Count II of the Complaint through its pendent jurisdiction under 28 U.S.C. §1367.

6. Defendant is properly subject to the jurisdiction of this Court (in the State of Florida) through the appropriate long-arm statute through the causation of injury in this state caused by actions or omissions outside this state.

7. At all times material hereto, the "debt" as that term is defined in paragraph 10 below, was a consumer "debt" as defined under 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

8. In May of 2007, Plaintiff was involved in a motor vehicle accident.

9. As a result of said accident, Plaintiff's personal motor vehicle, a 2002 Toyota Avalon, was "totaled."

10. Plaintiff's auto insurance did not cover the full amount outstanding under the finance agreement which related to the vehicle. The consumer "debt" underlying this action is for the difference between what Plaintiff's auto insurance paid and the total unpaid outstanding charges under the aforementioned finance agreement (hereinafter the "Debt").

11. Plaintiff maintains that she had/has "Gap Coverage" through another carrier which did pay, or should have covered, the Debt, <u>and nothing stated herein shall be construed as recognition by Plaintiff that she owes any debt for unpaid charges in the finance agreement</u>.

12. At some point, a few months after her accident, Plaintiff began receiving telephone calls from CRS and, more specifically, a CRS agent named Caleb Smith.

13. These phone calls persisted for many months thereafter despite the fact that Plaintiff informed CRS that she had "Gap Coverage" and disputed the Debt.

14. CRS never informed Plaintiff, in writing or otherwise, of her right to demand verification of the debt or that any communications she made in connection with same would be used for debt collection purposes.

15. In late 2008, CRS began contacting Plaintiff at her place of employment.

16. CRS was told that Plaintiff's employers did not permit such calls to take place. CRS continued to contact Plaintiff at work anyway, up to 2-3 times per week according to Plaintiff's boss, Marlene Rhoden.

17. During phone calls to Plaintiff, Mr. Smith told Plaintiff that CRS would "get its money one way or another" and that CRS intended to "garnish her wages," or words to that effect.

18. The phone calls to Plaintiff's place of employment continued until on or about January 2009. During this phone call, Mr. Smith, on hearing that Plaintiff's boss was asking if the debt collector was calling again said "tell that damn woman to get her damn nose out of your business," or words to that effect.

19. Also, in late 2008, CRS contacted Plaintiff's husband at his place of work, on his employer's telephone.

20. Plaintiff has retained the undersigned attorneys in connection with this matter and is obligated to pay them a reasonable fee for their services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15. U.S.C. §1692, et seq.

21. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 19 above and hereby reasserts same as if fully stated herein.

22. As more particularly described above, Defendant CRS has violated the FDCPA in that CRS has, by and through its agent Mr. Smith and/or others:

(a) Communicated with a third party other than the consumer/Plaintiff, namely her husband, in violation on 15 U.S.C. §1692b;

(b) Contacted the Plaintiff at her place of work after having been informed that such contact was impermissible, in violation on 15 U.S.C. §1692b;

(c) Contacted the Plaintiff repeatedly at work and used abusive language, and by doing so engaged in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

(d) By telling Plaintiff that CRS would "get its money one way or another" and that CRS intended to "garnish her wages," or words to that effect, Defendant CRS engaged in the use of false, deceptive, or misleading representations to collect a debt, as well as the use of threats to take action that was not intended to be taken, in violation of 15 U.S.C. §1692e, *See Thomas v. LDC Financial Services, Inc.*, 463 F.Supp. 2d 1370 (N.D. GA 2006); and,

(e)     Failed to obtain verification of the Debt and continued to contact Plaintiff in spite of such failure after notification of dispute by Plaintiff, in violation of 15 U.S.C. §1692g(b).

22.     As a direct and proximate result of the foregoing violations of the FDCPA by Defendant CRS, Plaintiff has been damaged. These damages include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

23.     Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with statutory damages in the amount of $1,000.00, together with court costs and reasonable attorneys' fees.

WHEREFORE, the Plaintiff, Kathy Dorminey, an individual, demands judgment against Defendant, Commercial Recovery Systems, Inc., a Texas Corporation, for monetary damages, together with interest thereon, statutory damages, litigation costs, and attorneys' fees, pursuant to 15 U.S.C. §1692k, and for such other relief as justice may require.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

24.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 19 above and hereby reasserts same as if fully stated herein.

25.     This is an action for violations of the Florida Consumer Collection Practices Act, as authorized under Fla. Stat. §559.77.

26.     At all times material hereto, Plaintiff was a "debtor" or "consumer debtor" as said term is defined under Fla. Stat. §559.55(2).

27. At all times material hereto, Defendant CRS was a "debt collector" as said term is defined under Florida Statute §559.55(6);

28. The Debt (as that term is defined above), at all times material hereto, constituted a "debt" or "consumer debt" under Fla. Stat. §559.55(1);

29. As more particularly described above, Defendant CRS has violated the FCCPA as follows:

(a) Called the Plaintiff repeatedly at work; As a natural consequence of doing so Defendant disclosed information affecting the Plaintiff's reputation (*i.e.*, made her seem like a "deadbeat") while having reason to know that her employer did not have a legitimate business reason to know about this particular Debt in violation of §559.72(5);

(b) By calling Plaintiff repeatedly at work, and calling her husband while he was at work engaged in conduct which could reasonably be expected to abuse and harass the Plaintiff and her husband in violation of §559.72(7); and,

(c) By contacting Plaintiff at work prior to obtaining final judgment against Plaintiff, violated the prohibition on such contact contained in §559.72(4).

30. As a direct and proximate result of the foregoing violations of the FCCPA by Defendant CRS, Plaintiff has been damaged. These damages include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

31. Pursuant to Florida Statute §559.77, Plaintiff is entitled to recover actual damages together with up to $1,000.00 in statutory damages, plus reasonable attorneys' fees and court costs.

32.     Plaintiff reserves the right to amend this Complaint to add a claim for punitive damages pursuant to Fla. Stat. §§559.77 and 768.72.

WHEREFORE, Plaintiff Kathy Dorminey, an individual, demands judgment for monetary damages against Defendant Commercial Recovery Systems, Inc., a Texas Corporation, plus interest thereon, litigation costs, and reasonable attorneys' fees pursuant to Florida Statute §559.77 and for such other relief as justice may require.

**R. HOWARD WALTON**
**Trial Counsel**
Florida Bar No. 0324700
LINDELL & FARSON, P.A.
12276 San Jose Boulevard, Suite 126
Jacksonville, Florida  32223-8630
Tele:  (904) 880-4000
Fax:   (904) 880-4013
e-mail: hwalton@lindellfarson.com
Attorneys for Plaintiff